IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

|  |  |
|---|---|
| IN RE: ) | |
| ) | |
| THE GEORGE WASHINGTON NATIONAL ) | Case No. 10-16604-RGM |
| MEMORIAL CEMETERY AND GARDEN, LLC ) | Chapter 11 |
| ) | |
| Debtor ) | |

**TRUSTEE'S MOTION FOR ENTRY OF ORDER
ESTABLISHING REQUIREMENTS FOR CLAIMS**

Janet M. Meiburger, Esq., the Chapter 11 Trustee in the above-named case, by her undersigned counsel, hereby moves, pursuant to Fed. R. Bankr. P. 3003(c)(3) and 9014, for entry of an order in the form attached hereto as Exhibit A establishing certain requirements regarding claims, and in support thereof states as follows:

1. The Debtor commenced this case by filing a voluntary petition for relief under Chapter 11 of the Bankruptcy Code on August 5, 2010 (the "Petition Date").

2. By order entered on October 17, 2013, Janet M. Meiburger was appointed Trustee and was vested with all the powers and responsibilities of a Chapter 11 Trustee appointed pursuant to Bankruptcy Code § 1104.

3. The Debtor apparently was formed to develop real property owned by the Debtor in Stafford County, Virginia into a cemetery.  Several of the former principals of the Debtor were convicted of tax fraud in 2007 in connection with the Debtor and in connection with a similar venture in Maryland, and the Virginia State Corporation Commission has been conducting an investigation into possible securities laws violations by the promoters of the cemetery.

---

Janet M. Meiburger, VA Bar No. 31842
The Meiburger Law Firm, P.C.
1493 Chain Bridge Road, Suite 201
McLean, VA 22101
(703) 556-7871
Proposed Counsel for Chapter 11 Trustee

4. The schedules filed by the Debtor on August 20, 2010, show one hundred and twelve secured claims, four priority claims and twenty-five unsecured nonpriority claims. Many of the claims on the schedules were listed as disputed. Many of the creditors whose claims are listed on the schedules as disputed have not filed claims.

5. Federal Rule of Bankruptcy Procedure 3003 provides that, in Chapter 11 cases, only creditors whose claims are not scheduled or are listed in the schedules as disputed, contingent or unliquidated must file a proof of claim. Local Bankruptcy Rule 3003-1 provides that a Chapter 11 debtor must notify all creditors listed as disputed, contingent or unliquidated that they must file a claim. It appears from the docket in this case that no such notice was sent to these creditors.

6. The Notice of Chapter 11 Bankruptcy Case, Meeting of Creditors, & Deadlines which was mailed to creditors on August 11, 2010 stated that the deadline for creditors other than governmental units to file claims was December 2, 1010 and that the deadline for governmental units to file claims was February 2, 2011. As of January 27, 2014, 62 claims have been filed in this case.

7. A title report obtained by the Debtor shows 109 deeds of trust against the real property owned by the Debtor. Many holders of these deeds of trust have not filed claims.

9. The Trustee has been gathering as much information as she can about the Debtor, which was formerly known as Sunrise Lake Memorial Garden, LLC. This has been a difficult process due to the amount of time that has passed since the Debtor was formed in the late 1990's, the apparent fraud associated with the operations of the Debtor in the past, and the unavailability or unreliability of the individuals formerly associated with the Debtor.

9. From the information gathered by the Trustee thus far, it appears that, while some of the promissory notes and deeds of trust might have been issued to creditors who might be considered bona fide investors in the cemetery, it nevertheless appears that much or all of the funds they invested were not used for the cemetery project.  It also appears that some promissory notes and deeds of trust might have been issued as compensation to individuals who promoted the cemetery project to potential investors, and who might have known or should have known of the fraud being perpetrated; that some promissory notes and deeds of trust might have been issued to individuals who provided appraisals and/or projections which appear to have been grossly inflated and which therefore might have aided in the fraud; and that some promissory notes and deeds of trust might have been issued to individuals and/or entities who provided no consideration to the Debtor or who provided much less consideration than the amount of the promissory note.

10. It would greatly facilitate the administration of this case if (a) all creditors would be required to file claims, including all holders of deeds of trust against the real property owned by the Debtor; (b) all creditors would be required to provide substantiation for the consideration they provided as the basis for their claim, including creditors who have already filed claims, if their existing claim does not include the required substantiation; and (c) a new bar date would be set for the filing of claims.

WHEREFORE, Trustee respectfully requests that the Court enter an order establishing the requirements for claims described herein, and grant such other and further relief as the Court deems appropriate.

Respectfully submitted,

                                   THE MEIBURGER LAW FIRM, P.C.

Dated: February 5, 2014           By: /s/ Janet M. Meiburger
                                             Janet M. Meiburger, Esq. (VSB No. 31842)
                                             The Meiburger Law Firm, P.C.
                                             1493 Chain Bridge Road, Suite 201
                                             McLean, Virginia 22101
                                             (703) 556-7871

                                             Proposed Counsel for Chapter 11 Trustee

## CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of February, 2014, a true and correct copy of the foregoing Trustee's Motion for Entry of Order Establishing Requirements for Claims will be served by ECF e-mail pursuant to the applicable Standing Order of the Court.

/s/ Janet M. Meiburger
Janet M. Meiburger

5